

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 9, 1959

Mr. Raymond W. Vowell
Executive Director
Board for Texas State
 Hospitals and Special Schools
Box S, Capitol Station
Austin, Texas

Opinion No. WW-756

Re: May the Board for Texas
State Hospitals and Spe-
cial Schools allocate
money to the Harlingen
State Tuberculosis Hos-
pital for the payment of
salaries for personnel
engaged in a tuberculosis
contact study.

Dear Mr. Vowell:

You have requested an opinion on the following
questions:

"1. May this Board allocate from the
'Reserve Appropriation' indicated
above to the Harlingen State Tuber-
culosis Hospital money for the pay-
ment of salaries of personnel engaged
in the contact study, provided such
salaries shall not exceed those stipu-
lated in Section 2b of Art. II, H.B.4,
supra?

"2. If your answer to the above is in the
negative, may any funds appropriated to
this Board or the Harlingen State Tuber-
culosis Hospital be used for such purpose?"

The "contact study" referred to in your first question
is described in your request as follows:

"This Board in cooperation with private individuals and local governmental agencies has been conducting a case contact study in South Texas, but because of limited funds, have been forced to confine their activities to Willacy County.  We have considered this program to be research designed to determine a more efficient method of hospitilization. Employees of the Harlingen State Tuberculosis Hospital have been contacting the families and immediate associates and friends of persons admitted from Willacy County to the Harlingen State Tuberculosis Hospital.  Various tests have been made on these persons in an effort to determine whether or not they have become infected with tuberculosis and in need of care and treatment.  This program has been highly successful and has resulted in the hospitilization of minimal cases, thereby reducing the overall costs to the State."

The Reserve Appropriation to the Board for Texas State Hospitals and Special Schools contained in House Bill 4, Acts of the Third Called Session of the 56th Legislature, Chapter 23, page 442 (General Appropriation Act), is made for the following purposes:

"There is hereby appropriated to the Board for Texas State Hospitals and Special Schools, for allocation by the Hospital Board to existing institutions under its jurisdiction for emergency purposes and for expenditure through contractual arrangements as hereinafter described, the sum of . . ."  (Emphasis ours).

The riders following this appropriation contain the following language:

"a.  Upon a finding by the Hospital Board that an emergency need exists for the medical treatment, feeding, housing or care of patients or students at any institution under its jurisdiction as of September 1, 1959, said Hospital Board may allocate to and authorize expenditure by such institution any sum out of the reserve appropriation herein made.

"'Emergency purposes' and 'emergency needs' shall mean and include only unforeseeable conditions such as the purchase and use of more efficacious drugs that may become available for the treatment of patients or students, the purchase and preparation of food essential for feeding patients and students, the employment of physicians or nurses or attendants or other personnel for the treatment and care of patients which significantly exceed in number the patient-loads provided for in the regular appropriations to hospitals and special schools, or the repair or replacement of facilities damaged or destroyed by fire, flood, wind, or other unforeseeable disasters. It is not the intent of the Fifty-sixth Legislature that this reserve appropriation be expended for the general improvement of programs provided for in regular appropriations. (Emphasis ours).

"Approved allocations from this reserve appropriation may be expended for salaries and wages, including professional fees and services, only if such rates of expenditure are in accordance with Section 2b of this Article; for travel only in instances involving the transfer of patients; for drugs, hospital supplies, food, equipment, repairs, and construction only for emergency purposes and needs hereinabove described.

"b. Out of this reserve appropriation herein made, the Hospital Board may also pay for obligations incurred through contractural arrangements with local, community hospitals for the care or treatment of patients or students for which the Board for Texas State Hospitals and Special Schools is legally responsible, or for the provisions of diagnostic services, medical treatment, or custody of persons, as authorized by law; provided,however, that the rates of salaries and wages, or of professional fees and services, paid under such contractual arrangements shall not exceed those stipulated in Section 2b of this Article; and provided further that all such contractual arrangements shall have the advance, written

approval of the Governor after obtaining the
advise of the Legislative Budget Board."

It is noted from the above the the Reserve Appropria-
tion is to be used for: (1) treatment of patients or students;
(2) purchase and preparation of food essential for feeding
patients or students; (3) the employment of personnel for the
treatment and care of patients which "significantly exceed in
number the patient-loads provided for in the regular appropria-
tion" and (4) repair or replacement of facilities damaged or
destroyed by unforeseen disasters.

The principles of statutory construction applicable to
your request are stated in 39 Texas Jurisprudence 188-189, Stat-
utes, Section 100, as follows:

"The maxim Expressio unius est exclusio
alterius (the expression of one thing is ex-
clusive of another) is said to be a logical,
sensible and sound rule of construction; and
it has been frequently applied in the con-
struction of statutes as well as in the inter-
pretation of other documents. The maxim signi-
fies that the express mention or enumeration
of one person, thing, consequence or class is
tantamount to an express exclusion of all others.
And when it is applicable, affirmative words
imply a negative of what is not affirmed, nega-
tive words imply an affirmative of what is not
negatived; and a provision limiting a thing to
be done in a particular form or manner implies
that it shall not be done otherwise."

Since the Legislature has specifically limited the Re-
serve Appropriation to the four purposes listed above, in ans-
wer to your first question, it is our opinion that the appro-
priation cannot be expended for the purpose of paying salaries
of personnel to conduct the research study outlined in your
request. We are supported in this view by the express language
contained in the riders to the Reserve Appropriation wherein
it is stated:

"It is not the intent of the Fifty-sixth
Legislature that this reserve appropriation
be expended for the general improvement of
programs provided for in regular appropriations."

None of the items of appropriation to the Board for Texas State Hospitals and Special Schools or the Harlingen State Tuberculosis Hospital are made for the purpose of carrying out the program outlined in your request. You are, therefore, advised that none of the funds appropriated to the Board for Texas State Hospitals and Special Schools or the Harlingen State Tuberculosis Hospital may be used for such purposes.

In this connection, House Bill 421, Acts of the 56th Legislature, Regular Session, 1959, Chapter 181, page 379 (Article 4477-11, Vernon's Civil Statutes) is a lengthy and detailed act for the control, care and treatment of tuberculosis, with the ultimate goal being the eradication of tuberculosis in Texas. Subdivision (b) of Section 4 of House Bill 421 reads as follows:

"All local health authorities shall keep a careful and accurate record of all cases of tuberculosis as reported to them with the date, name, age, sex, race, location, and such other necessary data as may be prescribed by the Texas State Department of Health. Such health authorities shall make a monthly report of all tuberculosis cases of which they may be cognizant to the Department before the fifth of the following month upon blank forms provided by the Department. These reports may be used by the Department for any and all purposes consistent with the care and treatment of individuals afflicted with tuberculosis, for research purposes, for statistical purposes, for investigative purposes, with the ultimate goal being the eradication of tuberculosis in Texas." (Emphasis ours).

Thus, the duty of carrying out the research program outlined in your request is placed in the Texas State Department of Health and the local health authorities; not the Board for Texas State Hospitals and Special Schools. The duty of the Board for Texas State Hospitals and Special Schools is to provide suitable facilities for persons found to be infected with tuberculosis in an infectious and contagious state and to provide hospitalization for those admitted to a State tuberculosis hospital. The appropriation to carry out such program is made to the Department of Health's appropriation contained in House Bill 4, Acts of the 56th Legislature, Third Called Session, 1959, rather than in the appropriation to the Board for Texas State Hospitals and Special Schools.

## SUMMARY

Neither the appropriation to the Board
for Texas State Hospitals and Special
Schools nor to the Harlingen State
Tuberculosis Hospital nor the Reserve
Appropriation to the Board for Texas
State Hospitals and Special Schools may
be used for the purpose of paying salaries
of personnel to carry out a research pro-
gram of testing the families, immediate
associates and friends of individuals
admitted from a particular county to the
Harlingen State Tuberculosis Hospital.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:mfh

APPROVED:

OPINION COMMITTEE
C. K. Richards, Chairman

Bob Eric Shannon
Tom I. McFarling
Linward Shivers
Joe Allen Osborn

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert